IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JAMES W. FRANSON, II**,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>**UNITED STATES**,<br><br>　　　　Defendant. | Case No. 3:19-cv-1983-AC<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

　　　United States Magistrate Judge John V. Acosta issued Findings and Recommendation in this case on May 10, 2021. ECF 36. Judge Acosta recommends that Defendant's motion (ECF 29) to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure be denied as moot with respect Plaintiff's tort claims against the United States Department of Veteran's Affairs (the VA) and Daniel Hoonyul Bang (Dr. Bang) and granted with respect to Plaintiff's breach of contract claim against the United States. Additionally, Judge Acosta recommends that Defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure be denied with respect to

Plaintiff's medical malpractice claim and granted with respect to Plaintiff's breach of contract and libel claims. No party has filed objections.

Under the Federal Magistrates Act (Act), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files an objection to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court review the magistrate judge's findings and recommendations for "clear error on the face of the record."

No party having made objections, this Court follows the recommendation of the Advisory Committee and reviews Judge Acosta's Findings and Recommendation for clear error on the face of the record. No such error is apparent. As explained in the Findings and Recommendation, Plaintiff did not explicitly state the causal link between Plaintiff's pain and Dr. Bang's failure to examine Plaintiff in-person. The link, however, is sufficiently implied by the allegations such that, construing *pro se* pleadings liberally, it is effectively pleaded. Plaintiff describes as "the

core" of his malpractice claim the allegation that Dr. Bang's "decision to violate medical ethics" caused Plaintiff's injury, referring to Dr. Bang's failure to complete an in-person evaluation before changing Plaintiff's prescription medication. ECF 27 at ¶¶ 9-10. This allegation is sufficient to state a causal connection between Dr. Bang's actions and Plaintiff's injury.

The Court **ADOPTS** Magistrate Judge Acosta's Findings and Recommendation. ECF 36. The Court denies as moot Defendant's motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction the tort claims against the VA and Dr. Bang but GRANTS the motion under that rule as to Plaintiff's breach of contract claim against the United States. The Court also denies Defendant's motion to dismiss under Rule 12(b)(6) for failure to state a claim Plaintiff's medical malpractice claim but grants the motion under that rule as to Plaintiff's breach of contract and libel claims.

**IT IS SO ORDERED.**

DATED this 2nd day of June, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge