IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**JAMES W. FRANSON, II**,

    Plaintiff,

v.

**UNITED STATES**,

    Defendant.

Case No. 3:19-cv-1983-AR

**ORDER**

**Michael H. Simon, District Judge.**

    United States Magistrate Judge Jeff Armistead issued Findings and Recommendation (F&R) in this case on May 9, 2023. Judge Armistead recommended that this Court grant Defendant's motion for summary judgment.

    Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff, proceeding *pro se*, filed an "Opposition to Defendant's Motion for Summary Judgment," ECF 61, which the Court construes as an objection to the F&R. Defendant timely responded. ECF 62. Plaintiff argues that the dismissal of his breach of contract and libel claims was inappropriate because Plaintiff can prove those claims with evidence in his medical record. The Court, however, previously dismissed these claims when adopting a prior Findings and Recommendation by Magistrate Judge John V. Acosta, dated May 10, 2021. ECF 36 (F&R); ECF 40 (Order adopting F&R). Judge Acosta then allowed Plaintiff to file a third amended complaint "alleging only a medical malpractice claim," instructing Plaintiff that he "may not include claims for breach of contract or libel previously dismissed by the Court." ECF 41. Plaintiff's arguments about his breach of contract and libel claims are thus not proper objections to the current F&R, which deals only with Plaintiff's medical malpractice claim.

Regarding Plaintiff's sole remaining claim for medical malpractice, Plaintiff argues that it was malpractice for physicians to suggest alternatives to codeine for Plaintiff's pain management, like gabapentin, physical therapy, swimming, and yoga, when those alternatives were already shown to be ineffective. Plaintiff asserts that he refused these ineffective options and that doctors used this refusal to justify denying Plaintiff further prescriptions for codeine. The Court has reviewed *de novo* those portions of Judge Armistead's F&R to which Plaintiff has objected, as well as Plaintiff's objection and Defendant's response. The Court agrees with Judge Armistead's reasoning regarding the lack of evidence that the Veteran's Association's physician, Dr. Daniel Hoonyul Bang, breached the applicable standard of care, as well as the lack of evidence that Dr. Bang's actions caused Plaintiff's alleged harm. The Court thus adopts those portions of the Findings and Recommendation.

For those portions of Judge Armistead's F&R to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court ADOPTS Judge Armistead's Findings and Recommendation, ECF 59. The Court GRANTS Defendant's motion for summary judgment, ECF 53.

**IT IS SO ORDERED.**

DATED this 28th day of June, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 – ORDER